# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Magistrate Docket No. 08 MJ 0735 |
| ) | |
| Plaintiff ) | |
| ) | COMPLAINT FOR |
| v. ) | VIOLATION OF: |
| Martin Federico PEREZ LOPEZ ) | TITLE 18 U.S.C. § 1544 |
| AKA: Enrique GARCIA ) | Misuse of Passport |
| ) | |
| Defendant ) | |
| ) | |

The undersigned complainant, being duly sworn, states:

On or about March 8, 2008, within the Southern District of California, defendant Martin Federico PEREZ LOPEZ did knowingly and willfully use a passport issued or designed for the use of another, with the intent to gain admission into the United States in the following manner, to wit: Defendant applied for entry to the United States by presenting US passport number 057751324, issued in the name Enrique GARCIA, to a Department of Homeland Security, Customs and Border Protection Officer, at the San Ysidro Port of Entry, knowing full well that he was not Enrique GARCIA, that the passport was not issued or designed for his use, and that he is not a United States citizen entitled to a U.S. Passport; in violation of Title 18, United States Code, Section 1544.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

Richard M. Escott
Senior Special Agent
U.S. Department of State
Diplomatic Security Service

SWORN AND SUBSCRIBED TO before me
This _____ day of March, 2008.

_____
UNITED STATES MAGISTRATE JUDGE



## PROBABLE CAUSE STATEMENT & STATEMENT OF FACTS

I, Richard Michael Escott, being duly sworn, declare under penalty of perjury that the following statement is true and correct:

1. I am a Senior Special Agent (SSA) with the U.S. Department of State, Diplomatic Security Service (DSS) assigned to the San Diego, CA Resident Office. I have been so employed for eight years and have investigated numerous violations involving the false application for and misuse of United States Passports and Visas.

2. During the performance of my duties, I have obtained evidence that Martin PEREZ LOPEZ used a US Passport issued or designed for the use of another. This Affidavit is made in support of a complaint against DEFENDANT for violation of Title 18, U.S.C., Section 1544.

3. On 03/08/2008, at approximately 1500 hours, DEFENDANT presented himself to a Department of Homeland Security, Customs and Border Protection (CBP) Officer at the pedestrian lines of the San Ysidro Port of Entry, to apply for admission into the United States. DEFENDANT identified himself with US Passport number 057751324, bearing the name Enrique GARCIA, DPOB 04/23/1983, California, U.S.A., and a photograph that was not DEFENDANT. The CBP Officer suspected DEFENDANT was an imposter and referred him for secondary inspection.

4. On 03/08/2008, at approximately 1730 hours the Affiant was advised by a CPB Officer at the San Ysidro POE that DEFENDANT had been detained at the secondary inspection area of the San Ysidro POE.

5. On 03/08/2008, Affiant conducted a record check with revealed that US Passport number 057751324 had been reported lost/stolen and that there was a lookout for the passport.

6. On 03/08/2008, at approximately 2045 hours, DEFENDANT was retrieved from secondary inspection at the pedestrian secondary inspection area and was brought to an interview room. The Affiant, assisted by a CBP Officer, who also acted as translator, obtained consent from DEFENDANT to have his interview audio and video taped. DEFENDANT read his Miranda warning aloud in Spanish from a written copy. He indicated that he understood and waived his right to counsel. He admitted that his true name was Martin PEREZ LOPEZ, DPOB, 10/05/1980, Zacatecas, Mexico. He stated that he was a citizen of Mexico and not a citizen of the United States. DEFENDANT ultimately admitted that he promised to pay a smuggler $3000 for the use of US Passport number 057751324, bearing the name Enrique GARCIA.

7. DEFENDANT admitted to using the false passport obtained from the smuggler to apply for entry into the United States on 03/08/2008, at the San Ysidro Port of Entry. He admitted knowing that the passport was not issued or designed for his use and that it was illegal to use a US Passport in the name of another. DEFENDANT made a recorded oral statement as to the elements of the charge.

8.  DEFENDANT also admitted that he had been formally removed from the United States on or about 02/19/2008, after being released from jail, and excluded for a period of 20 years. He admitted that he knew he could not return to the United States without permission from the United States Government. DEFENDANT admitted that he subsequently promised to pay smugglers on two subsequent occasions, on or about 02/27/2008 and 02/29/2008, to facilitate his illegal entry into the United States. DEFENDANT also admitted that he was currently on probation for a 2008 conviction.

On the basis of the facts presented in this probable cause statement consisting of 2 pages, there is probable cause to believe that the defendant named in this probable cause statement committed the offenses on 03/08/2008 - in violation of Title 18, United States Code, Section 1544: Misuse of a passport - when he knowingly and willfully used the passport belonging to another, Enrique GARCIA, knowing that it was not issued or designed for his use, in order to gain admission into the United States.

Richard M. Escott
Senior Special Agent
U.S. Department of State
Diplomatic Security Service